# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **GERARDO BATALLA, AMILCAR ANIBAL PENA, MARIO ALBERTO CRUZ**, on behalf of themselves and other similarly situated workers,<br><br>**Plaintiffs**,<br><br>v.<br><br>**MEXCOR, INC.**<br><br>**Defendant.** | Case No.: 4:17-cv-1427<br><br>**COLLECTIVE ACTION**<br><br>A Jury is Demanded |

## PLANTIFFS' ORIGINAL FLSA COMPLAINT AND COLLECTIVE ACTION

1. Gerardo Batalla, Amilcar Anibal Pena, and Mario Alberto Cruz, individually and on behalf of all other similarly situated employees, hereby file this lawsuit to recover unpaid overtime wages and other damages from Mexcor, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"). Defendant did not pay Plaintiffs overtime wages during their employment when working long hours on the night shift. This Collective Action seeks to recover the unpaid overtime wages, liquidated damages and other damages owed to these workers.

### I. JURISDICTION AND VENUE

2. Plaintiffs' claims arise under the FLSA. Accordingly, this Court has original subject-matter jurisdiction pursuant to 28 U.S.C 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. 139(b) because Defendant operates its principal business in this district/division and because a substantial portion of the employment events forming the basis of this suit occurred in this district/division.

4. Plaintiffs reside in, and were employed on behalf of the Defendant in this district/division.

## II. THE PARTIES

5. Plaintiff, Gerardo Batalla, was hired in 2006 as a warehouse employee of Defendant until he was forced to resign in May of 2016 because of Defendant's continued unlawful pay practices. Plaintiff resides in Houston, Texas. Mr. Batalla's notice of consent to join this collective action is attached hereto as Exhibit A and is incorporated herein.

6. Plaintiff, Amilcar Anibal Pena, was hired in 2009 as a warehouse employee of Defendant until he was forced to resign in May of 2016 because of Defendant's continued unlawful pay practices. Plaintiff resides in Houston, Texas. Mr. Pena's notice of consent to join this collective action is attached hereto as Exhibit A and is incorporated herein.

7. Plaintiff, Mario Alberto Cruz, was hired in 2013 as a warehouse employee of Defendant until he was forced to resign in May of 2016 because of Defendant's continued unlawful pay practices. Plaintiff resides in Houston, Texas. Mr. Cruz's notice of consent to join this collective action is attached hereto as Exhibit A and is incorporated herein.

8. The class of similarly situated employees ("putative class members") consist of:

**ALL FORMER AND CURRENT EMPLOYEES OR OTHER SIMILARLY EMPLOYED INDIVIDUALS WHO WERE EMPLOYED BY MEXCOR, INC. OVER THE PAST THREE YEARS AS WAREHOUSE EMPLOYEES AT MEXCOR, INC. WAREHOUSES IN TEXAS, FLORIDA, CALIFORNIA AND OTHER LOCATIONS WHO PERFORMED WAREHOUSE DUTIES.**

9. Defendant, MexCor Inc., including its affiliated entities and assumed names, is a Texas corporation with its principal place of business located at 8950 Railwood Drive, Houston, TX 77078. Defendant is an importer and distributor of liquor, wine and beer. Defendant may be served with process through its registered agent United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.

### III. COVERAGE UNDER THE FLSA

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29.U.S.C. 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29.U.S.C. 203(r) because it has employed or does employ at least two employees and has continually had annual gross volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiffs and other similarly situated former and current employees were not exempt from FLSA overtime provisions.

### IV. FACTS

13. Defendant is an importer and distributer of wine, beer and liquor that operates several warehouse facilities in Houston, San Antonio, Dallas, California, and Florida.

14. Plaintiffs and Putative Class Members were or remain employed as warehouse employees who are responsible for driving forklifts, moving pallets, operating order pickers, unloading inventory of liquor, beer and wine products, organizing inventory, loading inventory for delivery in intrastate commerce, and performance of general maintenance duties.

15. Plaintiffs were required to sign in and out of a log sheet or otherwise comply with Defendant's time keeping procedures. The schedule varied from the start of the shift at 5:00PM and ended in the early morning hours after all inventory had been loaded. Plaintiffs were paid a salary irrespective of the time or hours worked.

16. During the majority of the workweeks of their employment with the Defendant, Plaintiffs and Putative Class Members were employed more than 40 hours per week. In weeks where Plaintiffs worked more than 40 hours, Defendant failed to pay Plaintiffs and Putative Class Members the overtime premium rate. By way of example, at the end of the year 2015; Mr. Batalla was paid only $332.00 of overtime pay. Similarly, during the year 2014, Mr. Batalla only received $1,032.16 in overtime pay. These overtime payments were far short of the correct overtime pay that Mr. Batalla should have received.

17. On occasion, Defendant would pay Plaintiffs and Putative Class Members bonuses, which were not factored into the regular rate of pay for purposes of calculating overtime pay. By way of example, at the end of the year 2015, Plaintiff Gerardo Batalla was paid $7,180.00 in bonuses which were never factored into the regular rate of pay for purposes of calculating overtime pay. At the end of the year 2014, Mr. Batalla received $2,446.20 in bonuses and commissions that were not factored into the regular rate of pay for purposes of calculating overtime.

18. Although the Plaintiffs were treated as exempt employees, Defendant would dock their pay for any time absent from work.

19. During April of 2016, Plaintiffs were all subjected to dramatic reductions in their wage rates, which left them no choice but to resign from their employment and look for other positions.

20. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA. To the contrary, Defendant made it clear to Plaintiffs that overtime would not be paid unless the employees worked more than 55 hours per week. Defendant simply declared the Plaintiffs exempt and refused to pay all the Plaintiffs' overtime compensation or otherwise modify its pay practices when Plaintiffs complained about the illegal pay practices.

21. At all times relevant to this case, Defendant had knowledge of Plaintiffs and Putative Class Members' regular and overtime work hours. Defendant approved Plaintiffs' work schedule and hours. Plaintiffs' work benefitted Defendant.

22. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected wage and hour rights.

23. Defendant is liable to plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

## V. VIOLATION OF FLSA OVERTIME PROVISION

24. Plaintiffs incorporates all averments of fact into this cause of action for violation of the FLSA overtime position.

25. The FLSA requires employers to compensate employees who are employed by qualifying enterprises for all hours worked over forty each week at the rate of one and one-half times their regular rate.

26. During the relevant period, Defendant violated, and continues to violate, the provisions of Section 6 and/or 7 of the FLSA, 29 USC 207 and 215(a)(2), by employing employees in an enterprise within the meaning of the FLSA for workweeks longer than 40 hours per week without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

27. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and all those similarly situated employees overtime compensation. The decision by Defendant not to properly pay overtime compensation to its warehouse employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and all those similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Numerous current and former employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. This action is properly brought as a Collective Action for the following reasons:

   a. The Collective Class is so numerous that joinder of all class members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendant are common to the Collective Class and predominate over any individual issues which may exist. Each Putative Class Member was paid under the same scheme without provision for overtime.

c. The claims asserted by Plaintiffs are typical of the claims of the Putative Class Members and the Collective Class is readily ascertainable from Defendant's own pay records, personnel records, work schedules, and business practices. The pay practices in violation of the FLSA are consistent for all employees employed by Defendant at its various warehouses. A Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiffs will fairly and adequately protect the interests of the Putative Class Members, which are coincident with, and not antagonistic to those of Plaintiffs. Furthermore, Plaintiffs are represented by experienced labor and employment counsel.

e. The prosecution of separate actions by individual Putative Class Members would create a risk of adjudications with respect to individual Putative Class Members which would, as a practical matter, be dispositive of the interests of the other Putative Class Members not parties to the adjudications or impair or impede their ability to protect their interests.

f. Defendant acted on grounds generally applicable to the Putative Class Members thereby making appropriate final injunctive relief with respect to the Collective Class.

29. For the foregoing reasons, Plaintiffs seeks certification of an FLSA "opt-in" Collective Action pursuant to 29 U.S.C. 216(b) for all claims asserted by Plaintiffs because their claims are nearly identical to those of other Putative Class Members, Plaintiffs and Putative Class Members are similarly situated, have substantially similar or identical job requirements

and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

30. The Defendant is obligated by law to pay Plaintiffs, and all others similarly situated non-exempt employees, at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

31. Defendant did not pay Plaintiffs, and all others similarly situated non-exempt employees, the overtime rate for hours worked over forty (40).

32. As a result of Defendant's unlawful conduct, Plaintiffs and all others similarly situated non-exempt former and current employees are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

33. Plaintiffs and all others similarly situated employees are further entitled to liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. 207.

34. Plaintiffs, and all others similarly situated employees, also seek compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. 216(b).

35. Plaintiffs have retained the law firm of Deason Law P.C. to represent them in this suit. Plaintiffs have entered into a valid attorney service agreement with Deason Law, P.C. and have appointed that firm and the undersigned counsel to be their sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties. To avoid tortuous interference with Plaintiffs' obligations to their attorney in this suit, all communications concerning this suit may be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.

Plaintiffs' contract with and representation by Deason Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiffs are entitled to collect from Defendants pursuant to 29 U.S.C. 21(b).

## VII.  JURY DEMAND

36.  Plaintiffs demand a trial by jury on all claims that have been asserted in this Complaint.

## VIII.  PRAYER FOR RELIEF

37.  Plaintiffs and all others similarly situated former and current non-exempt employees of Defendant, demand Judgment against Defendant, jointly and severally, for the following:

    a.    Determining that the action is properly maintained as a Collective Action, certifying Plaintiffs as the class representatives, and appointing Plaintiffs' counsel as counsel for the Putative Class Members;

    b.    Ordering prompt notice of this litigation to all potential Putative Class Members;

    c.    Awarding Plaintiffs and the Putative Class Members declaratory and/or injunctive relief as permitted by law or equity;

    d.    Awarding Plaintiffs and Putative Class Members their compensatory damages, attorney's fees and litigation expenses as provided by law;

    e.    Awarding Plaintiff and Putative Class Members their pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

    f.    Awarding Plaintiff and Putative Class Members liquidated damages and/or statutory penalties as provided by law;

    g.    Awarding Plaintiff and Putative Class Members such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**DEASON LAW**
/s/ Dax Deason
**DAX DEASON**
Texas Bar No. 24038856
S.D. of Texas Bar No. 37188
4422 Navigation Blvd.
Houston, Texas 77011
Ph: 713-471-6082
Ph: 713-975-7301
Fax: 832-201-0663
ddeason@deason-law.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**